Jason Crews
164 W. Laurel Ct.
Gilbert, AZ 85233
602-295-1875
Jason.crews@gmail.com

UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

PHOENIX DIVISION

| | |
|---|---|
| Jason Crews, | Case No.: cv23-02269-PHX-CDB |
| Plaintiff, | |
| v. | Memorandum in Support of Plaintiff's Motions for Default Judgment |
| Jason Crews v. Air Conditioning By Jay, LLC, *et al.* | |
| Defendants. | |

## STATEMENT OF FACTS

<u>Liability</u>: The Plaintiff in this case, Jason Crews, received two telemarketing telephone calls his personal telephone number, 602-295-XXXX, which was listed on the National Do Not Call Registry. Compl. ¶ 2 Doc. 1; Crews Dec. Plaintiff's line 602-295-XXXX is assigned to a cellular service, and received two calls from the Defendants on that number. Compl. ¶ 13, 19, 32, Doc. 1.; Crews Dec. is in the business of offering plumbing, heating, cooling, and electrical services. Compl. ¶ 5, Doc. 1. Defendants use telemarketing to market their services, including to persons, like Plaintiff, who have not consented to receive such solicitations. *Id*. ¶ 2. Defendants used an ATDS to contact the Plaintiff. *Id*. ¶ 12. Plaintiff contacted the Company to request that the calls stop, to request a copy of

company's do-not-call policy, and to attempt to resolve the matter, but received no response. Compl. ¶ 16, 23, 37 Doc. 1; Crews Dec.

Jurisdiction: Defendant Air Conditioning By Jay, LLC is incorporated in this District. Its owner, Defendant Air Conditioning By Jay, Inc, resides in this District. Compl. ¶ 5.

Injury: The Plaintiff did not consent to these calls. Compl. ¶ 33. To the contrary, Plaintiff asked that they stop. Compl. ¶ 16, 22 Doc. 1.; Crews Dec. Plaintiff found the calls invasive of his privacy, annoying, and harassing, and was to his cell phone. *Id*. ¶ 18.

Damages: Damages for violations of the TCPA are set by statute at $500 per violation, which can be up to trebled if the Court finds the conduct to be knowing and/or willful *Perrong v. MLA Int'l, Inc.*, No. 6:20-CV-1606-RBD-EJK, 2022 WL 1238603, at *1 (M.D. Fla. Mar. 2, 2022), report and recommendation adopted in part, rejected in part, No. 6:20-CV-1606-RBD-EJK, 2022 WL 1238609 (M.D. Fla. Mar. 18, 2022); *Perrong v. Tranzvia, LLC*., Civ. No. 2:17-cv-03664, at *1 (E.D. Pa. Apr. 5, 2018). To demonstrate that the conduct was knowing and/or willful, the Plaintiff need merely prove that the defendant acted voluntarily and under its own free will, regardless of whether the defendant knew it was acting in violation of the statute. *Charvat v. Ryan*, 116 Ohio St. 3d 394 (Ohio 2007), *quoting* 47 U.S.C. § 312(f)(1). A more explicit calculation will follow in the following sections. However, Plaintiff alleges that, of the two (2) known calls by Defendants to Plaintiff:

- 2 were placed using an Automatic Telephone Dialing System (ATDS) to a number assigned to a cellular telephone service. 47 U.S.C. § 227(b)(1)(A)(iii);
- 2 were telemarketing calls to a number on the Do-Not-Call Registry. 47 U.S.C. § 227(c)(5), 47 C.F.R. § 64.1200(c)(2);
- 2 were made without existence or training pertaining to "do not call" requests 47 U.S.C. § 227(c)(5), 47 C.F.R. § 64.1200(d)(1);
- 2 were made without maintaining the Plaintiff on an internal "do not call" list. 47 U.S.C. § 227(c)(5), 47 C.F.R. § 64.1200(d)(6).

Therefore, Plaintiff is entitled to $6,000 for statutory violations, plus his $402 filing fee and $102.72 in service costs for a grand total of $6,504.72.

Posture: On May 18, 2022, Plaintiff filed his complaint against both Defendants, alleging violations of the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227, and regulations promulgated thereunder. Doc. 1. On December 27, 2023, Plaintiff moved for entry of default against Defendant. Doc. 20. On December 28, 2023, default was entered against Defendant. Defendant did not respond to the Complaint. This motion now follows. Plaintiff now moves for default judgment under Rule 50(b)(2) of the Federal Rules of Civil Procedure.

## ARGUMENT AND AUTHORITIES

Fed. R. Civ. P. 55(b)(2) permits a court to enter a final judgement in a case following a defendant's default. It is well settled in this Circuit that the entry of a default judgement is left primarily to the discretion of the district court. *Tozer v. Charles A. Krause Milling Co.,* 189 F.2d 242, 244 (3d Cir. 1951). As a threshold matter, a court must confirm that it has subject matter jurisdiction over the case and personal jurisdiction over the parties, ensure the Plaintiff has pled a cognizable claim, and ensure the defendant had a fair notice of their opportunity to object. *See, e.g.*, *Ramada Worldwide Inc. v. Benton Harbor Hari Ohm, L.L.C.*, Civ. No. 05-3452 at *9 (D.N.J. July 31, 2008). For the reasons set forth below, these threshold conditions are met, and default judgment is warranted.

**A. The Court Has Jurisdiction and Service of Process Was Proper**

The Court has federal-question subject matter jurisdiction over Plaintiff's TCPA claims and specific personal jurisdiction over Defendants. Further, Defendants were duly served with process in accordance with the requirements of Fed R. Civ. P. 4.

    i.    **Subject Matter Jurisdiction**

This Court has federal-question subject matter jurisdiction over the Plaintiff's TCPA claims pursuant to 28 U.S.C. § 1331 because the TCPA is a federal statute. *Mims v. Arrow Fin. Servs., LLC*, 565 U.S. 368, 372 (2012). As they arise from the same nucleus

of operative fact, the Court has supplemental jurisdiction under 28 U.S.C. § 1367 to hear Plaintiff's state law telemarketing claims. *Lyon v. Whisman*, 45 F.3d 758, 760 (3d Cir. 1995).

**Personal Jurisdiction**

There exist two types of personal jurisdiction: general and specific. Specific personal jurisdiction exists when the defendant has "purposefully directed his activities at residents of the forum and the litigation results from alleged injuries that arise out of or related to those activities." *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 472 (1985). General personal jurisdiction exists when the defendant's contacts with the forum, whether or not related to the litigation, are "continuous and systematic." *Helicopteros Nacionales de Colombia v. Hall*, 466 U.S. 408, 416, 104 S.Ct. 1868, 80 L.Ed.2d 404 (1984).

As a preliminary matter, the court has *general* jurisdiction over Defendant Air Conditioning By Jay, LLC because it is a Pennsylvania corporation. The "paradigm all-purpose forum[] for general jurisdiction is a corporation's place of incorporation." *Daimler AG v. Bauman*, 571 U.S. 117, 118 (2014). Accordingly, personal jurisdiction over this Defendant is without question.

The Court has *general* jurisdiction over Defendant Anton Tamkovitch because he resides in this District. When considering personal jurisdiction over an individual, physical presence and residence in a state is sufficient for the Court to exercise personal jurisdiction over a resident defendant. *Walden v. Fiore*, 571 U.S. 277, 283 (2014).

    ii.    **Service of Process**

Under the Federal Rules of Civil Procedure, Defendant Air Conditioning By Jay, LLC was properly served with process and therefore had the opportunity to respond, but did not. Under Fed. R. Civ. P. 4(h), a corporation may be served "by delivering a copy of the summons and of the complaint to an officer, a managing or general agent, or any other agent authorized by appointment or by law to receive service of process and—if the agent is one authorized by statute and the statute so requires—by also mailing a copy of

each to the defendant." Here, Mike Vernon, who is designated by law to accept service of process on behalf of Air Conditioning By Jay, LLC at 8825 N 23RD AVENUE SUITE 100, Phoenix, AZ 85021 was served on December 5, 2023.

### B. The Balance of Factors Weighs in Favor of a Default

It is clear that the balance of factors surrounding Defendants' opportunity to object weighs in favor of a default. Plaintiff would be prejudiced without a default. Furthermore, because Defendants have not responded, the Court is unable to consider neither the existence nor lack of meritorious defenses, so this factor also weighs in Plaintiff's favor. Finally, by refusing to participate in any way in court proceedings, Defendants have demonstrated the culpability necessary for their failure to respond to weigh against them.

i. **Without Default, Plaintiff Will be Denied Relief**

In considering a default judgment motion, the court must consider if the complaint is well-pled and has a sufficient basis in law. *See Frazier v. Absolute Collection Serv., Inc.*, 767 F. Supp. 2d 1354, 1362 (N.D. Ga. 2011). The court must also consider the prejudice suffered by the party seeking default judgement. *Emcasco Ins. Co. v. Sambrick*, 834 F.2d 71, 74 (3d Cir. 1987). Plaintiff has been prejudiced by Defendants' failure to respond by being prevented from prosecuting his case, engaging in discovery, and seeking relief in the normal course. *Pension Fund of Philadelphia & Vicinity v. Am. Helper, Inc.*, Civ. No. 11-624, (D.N.J. Oct. 5, 2011). Here, Defendants were made aware of their unlawful conduct when they were served and by virtue of pre-suit communications and a waiver of service, all of which went ignored. Nevertheless, Defendants have failed to appear and defend against this action. In the absence of a default judgment, Plaintiff will be unfairly prejudiced because he will be unable to obtain a decision on the merits and will be effectively denied all relief. Finally, "the TCPA expressly provides for the award of statutory damages, which further supports a finding that [the p]laintiff will be unfairly prejudiced (and [the d]efendant's conduct will not appropriately be deterred) if default judgment is not entered." *Righetti v. Auth. Tax Servs., LLC,* Civ. No. C-14-0146-EMC, at *6 (N.D. Cal. Jul. 6, 2015). For these reasons, this factor weighs in favor of Plaintiff.

ii. **Defendants have no Meritorious Defense**

In seeking a default judgment, the lack of a defense weighs in favor of Plaintiff. Because the Defendants did not respond, the Court cannot determine whether or not the Defendants had meritorious defenses that are not reflected in the record. The Court must therefore conclude that Defendants have no meritorious defense. The lack of any support for a meritorious defense is sufficient to warrant default judgment. *See United States v. $55,518.05 in U.S. Currency*, 728 F.2d 192 (3d Cir. 1984) (holding that the threshold issue in assessing default judgement is the presence of a *prima facie* case for a meritorious defense). Since there is no possibility for litigation on the merits or the consideration of possible defenses, the court must weigh this factor in favor of the Plaintiff.

iii. **Defendants are Culpable for their Conduct**

The standard for culpability is "willfulness" or "bad faith" on the part of the defendant. *Hritz v. Woma Corp.*, 732 F.2d 1178 (3d Cir. 1984). "[M]ore than mere negligence [must] be demonstrated." *Id*. at 1183. "Reckless disregard for repeated communications from plaintiffs and the court . . . can satisfy the culpable conduct standard." *Id*.; *see also Nationwide Mut. Ins. Co. v. Starlight Ballroom Dance Club, Inc.*, Civ. No. 05-1031, *3 (3d Cir. March 14, 2006). Courts in this circuit have found lack of culpability only where the mistakes were innocent, accidental or somehow excusable. *Emcasco*, at *75. (finding no culpability where the defendant was not notified of a court conference, he was only given two days to give an answer, and his counsel was misinformed about what was required). Defendants' failure to answer, despite adequate service and actual knowledge of the lawsuit, evidences their culpability in their default. Accordingly, this weighs in favor of Plaintiff.

C. **The Complaint Sufficiently Pleads a Cause of Action and Damages are Proven**

The pleading clearly meets all the standards for legal sufficiency under Rule 8 and clearly outlines the conduct alleged and the basis for alleging it. The damages sought by Plaintiff are both reasonable and fair given the circumstances and facts of the case.

    i.    **Legal Sufficiency**

Default judgment is favored where the complaint sufficiently states a claim for relief under the liberal pleading standards embodied in Rule 8 of the Federal Rules of Civil Procedure. The Court must accept all well-pleaded factual allegations in a complaint as true, except as to damages. *Chanel, Inc. v. Gordashevsky*, 558 F. Supp. 2d 532, 535 (D.N.J. 2008). In the pre-discovery phase, general allegations in a TCPA case are sufficient. *Robbins v. Coca-Cola-Co.*, No. 13-CV-132-IEG(NLS) (S.D. Cal. May. 22, 2013). Here, Plaintiff has alleged and supported his TCPA claims with more than adequate specificity. *Compare* Compl. ¶ 20-56 (date, caller ID, called number, and whether or not the called number was on the National Do Not Call Registry) *with*, e.g., *Frischberg v. Glob. Serv. Grp., LLC*, No. 1:17-cv-4449 (NLH/KMW) (D.N.J. Jul. 18, 2018); *Righetti v. Auth. Tax Servs., LLC*, No. C-14-0146 EMC (N.D. Cal. Jul. 6, 2015). In particular, Plaintiff has adequately and specifically stated claims for:

- *first,* calls placed using an Automatic Telephone Dialing system to a number assigned to a cellular telephone service. 47 U.S.C. § 227(b)(1)(A)(iii). 47 U.S.C. § 227(b)(1)(A); Compl. ¶ 31-32;
- *third,* placing telemarketing calls to a number on the Do-Not-Call Registry. 47 U.S.C. § 227(c)(5), 47 C.F.R. § 64.1200(c)(2); placing calls without existence or training pertaining to "do not call" requests 47 U.S.C. § 227(c)(5), 47 C.F.R. § 64.1200(d)(1); *and* placing calls without maintaining the Plaintiff on an internal "do not call" list. 47 U.S.C. § 227(c)(5), 47 C.F.R. § 64.1200(d)(6). Compl. ¶ 2, 31;

<u>First Claim:</u> The elements of the first claim with respect to an ATDS are: (1) the defendant called a telephone number for which the called party is charged for the call; (2) using an automatic telephone dialing system; (3) without the recipient's prior express

consent." *L.A. Lakers, Inc. v. Fed. Ins. Co.*, 869 F.3d 795, 803-04 (9th Cir. 2017); *see also* 47 U.S.C. § 227(b)(1)(A)(iii). "Prior express consent" under the TCPA must be "clearly and unmistakably stated." *Satterfield v. Simon & Schuster, Inc.*, 569 F.3d 946, 955 (9th Cir. 2009).

To allege that an automatic telephone dialing system was used, Plaintiff must plead that the system had the capacity "either to store a telephone number using a random or sequential number generator, or to produce a telephone number using a random or sequential number generator." *Facebook*, 141 S. Ct. at 1163 (2021). After *Facebook*, at least two district courts have evaluated ATDS allegations at the pleading staged based on plausible inferences which suggest that a random or sequential number generator was used to make the calls, such as use of random caller ID numbers, prerecorded messages, and failures to honor do-not-call requests. *See, e.g.*, *Montanez v. Future Vision Brain Bank, LLC*, No. 20-CV-02959-CMA-MEH, 2021 WL 1291182, at *7 (D. Colo. Apr. 7, 2021) (addressing similar allegations to Plaintiff's in the text message context); *McEwen v. NRA*, No. 2:20-cv-00153-LEW, 2021 WL 1414273, at *7 (D. Me. Apr. 14, 2021).

Plaintiff's Amended Complaint pleads each element of the first part of this first claim:

(1) Defendants called a telephone number which is assigned to a cellular telephone service, Compl. ¶ 32;

(2) using an automatic telephone dialing system, *id*. ¶ 31 because:

(2.i) it would be illogical to send prerecorded, automated calls other than randomly or sequentially. *id*. ¶47,

(3) without the recipient's prior express consent, *id*. ¶ 33.

Second Claim: The elements of the first part of the third claim are: (1) the defendant called a private telephone number; (2) registered on the National Do Not Call Registry; (3) at least twice in any 12-month period; (4) for initiating any telephone solicitation. 47 C.F.R. § 64.1200(c)(2); 47 U.S.C. § 227(c)(5).

Plaintiff's Complaint pleads each element of the second claim:

(1.a) Defendants called Plaintiff's private telephone number, Compl. ¶ 32;

(2.a) registered on the National Do Not Call Registry, *id.* ¶ 20;

(3.a) at least twice in any 12-month period, *id.* ¶ 13,19;

(4.a) for the purpose of initiating any telephone solicitation, *id.* ¶ 15, 21.

The elements of the second part of the third claim are: (1) the defendant initiated a call for telemarketing purposes; (2) to a private telephone subscriber; (3) without having a written policy, available upon demand, for maintaining a Do-Not-Call list. 47 C.F.R. § 64.1200(d)(1); 47 U.S.C. § 227(c)(5). Plaintiff's Complaint pleads each element of the second part of the third claim:

(1.b) Defendants initiated a call for telemarketing purposes, Compl. ¶ 15,21;

(2.b) to Plaintiff's private telephone number, *id.* ¶ 32;

(3.b) without having a written policy, available upon demand, for maintaining a Do-Not-Call list., *id.* ¶ 35-36.

The elements of the third part of the third claim are: (1) the defendant initiated a call for telemarketing purposes; (2) to a private telephone subscriber; (3) without having an internal Do-Not-Call list. 47 C.F.R. § 64.1200(d)(6); 47 U.S.C. § 227(c)(5). Plaintiff's Complaint pleads each element of the third part of the third claim:

(1.c) Defendants initiated a call for telemarketing purposes, Compl. ¶ 15, 21;

(2.c) to Plaintiff's private telephone number, *id.* ¶ 32;

(3.c) without having an internal Do-Not-Call list., *id.* ¶ 35-36.

  ii. **Damages are Appropriate for Default Judgment**

"[T]he sum of money at stake in [a TCPA] action is particularly appropriate for resolution on default judgment because TCPA damages are specifically set by statute." *Auth. Tax Servs.*, at *7. The general rule is that cases seeking statutory damages are well-suited to default judgment, even without a hearing. *DIRECTV, Inc. v. Huynh*, 318 F. Supp. 2d 1122, 1126 (M.D. Ala. 2004); *accord Frazier*, 767 F. Supp. 2d at 1365. Thus, in TCPA cases, a six-figure demand does not cause the sum-at-stake to weigh against granting default judgment. In fact, courts around the country have granted six and even seven-figure default judgments in TCPA cases. *See* e.g., *Cunningham v. Select*

*Student Loan Help, LLC*, Civ. No. 3:15-cv-00554, at *1 (M.D. Tenn. July 16, 2018) ($249,000); *Cunningham v. Enagic USA, Inc.*, Civ. No. 15-00847, at *1-2 (Jan. 16, 2018 M.D. Tenn.), Doc. 274 ($259,500); *Tranzvia, LLC.*, at *1 ($45,000). The statutory penalty for a TCPA violation is $500 for each *violation* of section (b), section (c), or both sections. These damages can be up to trebled to $1,500. *Charvat v. NMP, LLC*, 656 F.3d 440 (6th Cir. 2011). (Holding that a plaintiff can recover for multiple violations under sections 227(b)(3) and section 227(c)(5) even if multiple violations arose from the same call).

Plaintiff pleads that he received two calls. As outlined above, each of those two calls violates one separate provisions section (b) [the prohibition against using an ATDS] and entitles Plaintiff to an award of $500 for each violation, or $3,000 (including treble damages). Also, as outlined above, all two calls violated three separate provisions of section (c) as codified in the Code of Federal Regulations, 47 C.F.R. 64.1200(c)(2) [calling a number on the national DNC registry], 47 C.F.R. 64.1200(d)(1) [failing to have a DNC policy], and 47 C.F.R. 64.1200(d)(6) [failing to have a DNC list], and entitles Plaintiff to an award of $500 for each violation, or $3,000 (including treble damages).

The sum of statutory damages, therefore, totals $6000 [$3,000 + $3,000]. Courts have routinely awarded treble damages in assessing TCPA damages arising from defaults. In fact, courts have routinely awarded treble damages when the Plaintiff pleads a revocation of consent. *Mabeza v. Ashfield Mgmt. Servs., LLC*, Civ. No. 17-cv-1946-AJB-KSC, (S.D. Cal. Mar. 20, 2018). *A fortiori,* therefore, when there was no consent to begin with, and given requests to stop calling, as in this case, treble damages are appropriate to deter further illegal telemarketing. Intent to violate the statute is not required for treble damages. *Alea London Ltd. v. Am. Home Servs.*, 638 F.3d 768, 776 (11th Cir. 2011). (Holding that malice and wantonness are not required for treble damages in a TCPA action). So long as the Defendant knows the facts underlying the offense, it can be held liable for treble damages—ignorance of the law is no excuse. *Charvat v. Ryan*, 879 N.E.2d 765, 767 (Ohio 2007). That is so even when the defendant

made just one illegal call and made a good-faith attempt to comply with the law. *Id.* at 768.

The calls invaded Plaintiff's privacy and were frustrating, annoying, and obnoxious. On a motion for default judgment in a TCPA case, a Plaintiff's "burden to prove up the amount of damages is minimal because the TCPA provides for the award of statutory damages." *Auth. Tax Servs.,* at *8. This conclusion is unchanged by the number of calls for which damages are sought. *Id*. at *9. Essentially, what matters is whether the *prima facie* elements are pled for each violation, as they are here, and not the number of violations.

In addition, the Plaintiff paid the $402 filing fee, which he is entitled to recover as a taxable cost as a prevailing party under 28 U.S.C. § 1920(1). Furthermore, the Plaintiff expended $300 in effectuating service of process after his waiver to both Defendants went unexecuted. Crews Dec. Therefore, Plaintiff is entitled to recover costs of service under Fed. R. Civ P. 4(d)(2). *Mercedes-Benz Fin. Servs. USA LLC v. Chandler*, No. 19-CV-15716-ES-ESK, 2020 WL 3892360, at *2 (D.N.J. July 2, 2020). Therefore, Plaintiff seeks a total judgment of $16,302.

Given the foregoing, Plaintiff requests damages be calculated according to the above case precedent and prays that judgement be entered in the amount of $6,504.72, calculated as follows: plus four total violations [based on two calls] times $500 per violation, times treble damages, plus $402 in filing fees, plus $102.72 in service fees.

///

**CONCLUSION**

Defendants decided to make telemarketing robocalls to Plaintiff (to a number listed on the National Do Not Call Registry, no less) without his consent. Defendants decided not to defend this lawsuit. Accordingly, entry of default judgment against Defendants is appropriate. Plaintiff Jason Crews respectfully prays for an award of $6,504.72, plus any other relief that the court deems just and proper.

Dated this December 28, 2023.

/s/*Jason Crews*

Jason Crews

**COPIES** of the forgoing were filed with the court electronically via CM/ECF this same date.

**COPIES** of the forgoing were mailed via USPS to
Air Conditioning By Jay Inc
7595 E Gray Rd Ste.1,
Scottsdale, AZ 85260


By: _____/s/*Jason Crews*_____
　　　Jason Crews