**UDALL|SHUMWAY**
COUNSELORS AT LAW SINCE 1965

1138 North Alma School Road, Suite 101
Mesa, Arizona 85201
Telephone: 480.461.5300 | Fax: 480.833.9392

David R. Schwartz - #009264
das@udallshumway.com
Attorneys for Defendant Air Conditioning by Jay

# UNITED STATES DISTRICT COURT

# DISTRICT OF ARIZONA

| | |
|---|---|
| Jason Crews,<br><br>            Plaintiffs,<br><br>v.<br><br>Air Conditioning by Jay, LLC and Bryce Johnson,<br><br>            DefendantS. | NO. CV23-02269-PHX-GMS<br><br>**MOTION TO VACATE DEFAULT AND TO ALLOW FILING OF AN AMENDED ANSWER** |

Defendant Air Conditioning by Jay, LLC hereby moves to vacate the default entered against it (DOC 21) and to allow the filing of an amended answer by such Defendant.[1] This motion is supported by the attached declaration of Norman Sanders and the proposed Amended Answer.

This action began with the filing of the original Complaint on November 1, 2023 which sued Air Conditioning by Jay, Inc. and Bryce Johnson. (DOC 1)  A First Amended Complaint ("FAC") was then filed on November 3, 2023 against Air Conditioning by Jay, LLC. (DOC 9)  The FAC was not signed (electronically or otherwise). (DOC 9, p. 13)  Both the original Complaint and the FAC alleged violation of the Telephone Consumer Protection Act , 47 U.S.C. § 227, regarding the use of Automatic Telephone Dialing

---

[1] Plaintiff voluntarily dismissed as a defendant Bryce Johnson.  (DOC 18)

System ("ATDS") (DOC 1 and 9, ¶ 13, 31, 40-48, 51, 68) and calling a number on the Do-Not-Call register (DOC 1 and 9, ¶ 13, 19, 29-30, 74).  On December 4, 2023 Defendant, through its General Manager Norman Sanders, submitted a letter answer to this Court denying the use of an ATDS and disputing liability. (DOC 16)  On December 5, Plaintiff had a copy of the Summons and FAC was served on Defendant's statutory agent and proof of service was filed. (DOC 17)  Because Defendant's answer was not signed by an attorney, Plaintiff on December 23 filed a motion to strike the answer. (DOC 19)   Although the motion to strike had not yet been briefed or granted by this Court, Plaintiff on December 27 filed a Request for Entry of Default Air Conditioning By Jay, Inc. (DOC 20)   The Clerk then entered a default not against Air Conditioning By Jay, Inc. as requested but against Air Conditioning By Jay, LLC. (DOC 21)  Plaintiff has also Filed a motion for default judgment which has not yet been acted upon by this Court. (DOC 22)

   The Federal Rules provide that a "court may set aside an entry of default for good cause...." Fed. R. Civ. Pro. 55(c).  To determine "good cause", a court must "consider[ ] three factors: (1) whether [the party seeking to set aside the default] engaged in culpable conduct that led to the default; (2) whether [it] had [no] meritorious defense; or (3) whether reopening the default judgment would prejudice" the other party. *U.S. v. Signed Personal Check No. 730 of Yubran S. Mesle*, 615 F.3d 1085, 1091 (9th Cir. 2010). Judgment by default is a drastic step appropriate only in extreme circumstances; a case should, whenever possible, be decided on the merits. *Id*.   While the same test applies for motions seeking relief from default judgment under both Rule 55(c) and Rule 60(b), the test is more liberally applied in the Rule 55(c) context. *Id*. at n. 1.

   ***1. There Was No Culpable Conduct Here***

   A defendant's conduct is culpable if he has received actual or constructive notice of the filing of the action and intentionally failed to answer. Id. at 1092.  Simple carelessness is not sufficient to constitute culpable conduct. *Id*. at 1092-93.  Merely receiving actual or constructive notice of a lawsuit and failing to answer constitutes

culpable conduct except where the moving party is a legally sophisticated entity or individual. *Id*. at 1093. A plaintiff must establish bad faith necessary to show an intentional failure to answer. *Id*.

Here, Defendant disputed liability as reflected in the letter answer (DOC 16) and it intended to defend itself. (Ex. 1, Sanders declaration ¶ ) Sanders and Defendant are not lawyers and not a sophisticated entity. (Ex. 1, Sanders declaration ¶ ) It is certainly true, although unknown to Defendant's General manager at the time, that as a limited liability company, Defendant could only appear in this court through an attorney. However, when a filing by a non-attorney for such an entity happens, courts usually provide notice and an opportunity for the entity to correct the error by re-filing or adopting the filing via an attorney. *E.g.*, *In re Bigelow*, 179 F.3d 1164, 1165 (9th Cir. 1999); *International Assn. of Sheet Metal Workers Local 16 v. A J Mechanical*, 1999 WL 447459 D. Ore. 6/16/99). Only where an entity repeatedly fails over a significant period of time to obtain counsel will courts resort to default judgment for failure to have an attorney. *Allergan Inc. v. Photomedex, Inc*., 2008 WL 11343591 , (C.D. Cal. 12/30/2008) ( "evidence shows that Athena failed to retain counsel, notwithstanding various warnings that counsel was necessary, and failed to file a proper response to the complaint, notwithstanding the fact that it was served over five months ago. Such complacency suggests Athena's lack of intent to defend against the complaint, and therefore warrants an entry of default against Athena."). Defendant was properly served on December 5, and it has acted promptly after learning counsel was needed.

This factor therefore supports the vacating of default and not applying the drastic remedy of a default, but rather the issues should be decided on the merits.

### 2. Defendant Has A Meritorious Defense

Defendant has meritorious defenses. A defendant seeking to vacate a default judgment must present specific facts that would constitute a defense, but the burden on a party seeking to vacate a default judgment is not extraordinarily heavy. *U.S. v. Signed*

3

*Personal Check No. 730 of Yubran S. Mesle*, 615 F.3d 1085, 1094 (9th Cir. 2010). In this analysis, it is not the role of the Court to assess the veracity of the facts alleged. *Id.*

First, Defendant did not and does not use an ATDS which would preclude liability under Count One and 47 U.S.C. § 227(b)(1)(A) (prohibiting making a call using an ATDS)[2]. (Ex. 1, Sanders declaration ¶ ) (DOC 16)

Second, there is no liability under 47 U.S.C. § 227(c)(5) for the first October 11, 2022 call even if Plaintiff was on the Do-Not-Call register. That is because a claim under this provision only arises when a person has received more than one telephone call within any 12-month period. *Id*. Also, the statute provides for an affirmative defense where a defendant established and implemented with due care reasonable practices and procedures to effectively prevent telephone solicitations in violation of regulations adopted pursuant to the statute. Id. Defendant had a prior business relationship with Plaintiff and had in place protocols and practices to prevent calling persons who requested not to be called. (Ex. 1, Sanders declaration ¶ ) (DOC 9, ¶ 21) (DOC 16)

Third, Defendant is entitled to challenge the trebling of the $500 in damages awardable for willful or knowing violations of the statute and regulations. 47 U.S.C. § 227(b)(3)(C) and (c)(5). That is discretionary even if a violation is willful or knowing. *Id*.

This factor supports vacating the default and allowing the filing of the proposed Amended Answer. (Ex. 2, Amended Answer)

### 3. *No Prejudice Will Result*

To be prejudicial, the court looks to whether Plaintiff's ability to "pursue his claim will be hindered." *AJF Inspections Inc. v. IOC Franchising LLC*, 2023 WL 3568210, *4 (D. Ariz. 5/19/2023) (quoting *Falk v. Allen.*, 739 F.2d 416, 463 (9th Cir. 1984)). The setting aside of even a judgment must result in greater harm than simply delaying resolution of the case. *U.S. v. Signed Personal Check No. 730 of Yubran S. Mesle*, 615

---

[2] The FAC does not allege use of an artificial or prerecorded voice, but rather Plaintiff spoke with an actual person. (DOC 9, ¶ 13-17, 19-23)

4

F.3d 1085, 1095 (9th Cir. 2010). Here the delay is roughly two weeks, and no prejudice has or will result if the default is vacated. This factor supports vacating the default and allowing the filing of the Amended Answer in place of the prior letter answer (DOC 16).

For the foregoing reasons this Court should vacate the default entered by the Clerk and allow the filing of the Amended Answer. *See id.* (reversing on appeal the denial of the motion to vacate default as an abuse of discretion); AJF Inspections Inc. v. IOC Franchising LLC, 2023 WL 3568210 (D. Ariz. 5/19/2023) (applying the *Mesle* standards and granting motion to vacate default)

DATED: _January 10, 2024.

UDALL SHUMWAY PLC

  /s/ David R. Schwartz  
David R. Schwartz
1138 North Alma School Road, Suite 101
Mesa, AZ  85201
Attorneys for Defendant Air Conditioning by Jay

**CERTIFICATE OF SERVICE**

I hereby certify that on January 10, 2024, I electronically filed the attached document using the CM/ECF for filing and transmitted the document through CM/ECF to all other parties.

  /s/ Kimberly Kershner  

11649367.1
119965.002

5