**UDALL | SHUMWAY**
COUNSELORS AT LAW SINCE 1965

1138 North Alma School Road, Suite 101
Mesa, Arizona 85201
Telephone: 480.461.5300 | Fax: 480.833.9392

David R. Schwartz - #009264
das@udallshumway.com
Attorneys for Defendant Air Conditioning by Jay

## UNITED STATES DISTRICT COURT

## DISTRICT OF ARIZONA

| | |
|---|---|
| Jason Crews,<br><br>　　　　　　Plaintiffs,<br><br>v.<br><br>Air Conditioning by Jay, LLC and Bryce Johnson,<br><br>　　　　　　DefendantS. | NO. CV23-02269-PHX-GMS<br><br>**AMENDED ANSWER OF DEFENDANT AIR CONDITIONING BY JAY, LLC** |

Defendant Air Conditioning by Jay, LLC for its amended answer to the allegations of the First Amended Complaint (FAC) (DOC 9) hereby admits, denies and alleges as follows:

1. Defendant admits that Plaintiff has made allegations regarding claims under the Telephone Consumer Protection Act (TCPA) found in 47 U.S.C. § 227. The remaining allegations of ¶ 1 of the FAC are legal conclusions which do not call for any response, but if one is required then those allegations are denied.
2. Defendant denies the allegations of ¶ 2 of the FAC.
3. Defendant denies the allegations of ¶ 3 of the FAC.
4. Defendant lacks sufficient information as to the truth or falsity of the allegations of ¶ 4 of the FAC and therefore denies them.

5. Defendant admits it is and was at all relevant times a duly authorized Arizona limited liability company which operates under the trade name of AC by J and offers plumbing, heating, colling and electrical services.

6. Defendant admits that Bryce Johnson is a resident of Maricopa County, Arizona, but denies the remaining allegations of ¶ 5 of the FAC.

7. Defendant admits this Court has subject matter jurisdiction.

8. Defendant admits this Court has personal jurisdiction as the Company made place calls to Plaintiff. Defendant denies the remaining allegations of ¶ 8 of the FAC.

9. Defendant admits that venue is proper in this Court.

8. The allegations of ¶ 8 (second) of the FAC are pure legal conclusions and do not appear to call for any response by Defendant. The language of the TCPA statute speaks for itself.

9. Defendant believes the allegations of ¶ 9 (second) of the FAC are no longer relevant as Plaintiff dismissed Bryce Johnson as a defendant. To the extent the allegations are relevant they are denied.

10. Defendant believes the allegations of ¶ 10 of the FAC are no longer relevant as Plaintiff dismissed Bryce Johnson as a defendant. To the extent the allegations are relevant they are denied.

11. Defendant denies the allegations of ¶ 11 of the FAC.

12. Defendant denies the allegations of ¶ 12 of the FAC.

13. Defendant admits the allegations of ¶ 13 of the FAC.

14. Defendant admits the allegations of ¶ 14 of the FAC.

15. Defendant cannot admit or deny the quoted words were used and therefore denies the allegations of ¶ 15 of the FAC.

16. Defendant admits the allegations of ¶ 16 of the FAC.

17. Defendant cannot admit or deny the quoted words were used and therefore denies the allegations of ¶ 17 of the FAC.

18. Defendant admits that a customer representative called Plaintiff approximately a year later on October 5, 2023 and denies the remainder of the allegations of ¶ 18 of the FAC.
19. Defendant admits the allegations of ¶ 19 of the FAC.
20. Defendant denies the allegations of ¶ 20 of the FAC.
21. Defendant cannot admit or deny the quoted words were used and therefore denies the allegations of ¶ 21 of the FAC.
22. Defendant cannot admit or deny the quoted words were used and therefore denies the allegations of ¶ 22 of the FAC.  Defendant admits that Plaintiff did request to not be called against by Defendant.
23. Defendant cannot admit or deny the quoted words were used and therefore denies the allegations of ¶ 23 of the FAC.
24. Defendant admits the allegations of ¶ 24 of the FAC.
25. Defendant admits the allegations of ¶ 25 of the FAC.
26. Defendant admits the allegations of ¶ 26 of the FAC.
27. Defendant admits the allegations of ¶ 27 of the FAC.
28. Defendant denies the allegations of ¶ 28 of the FAC.
29. Defendant is unable to admit or deny the allegations of ¶ 29 of the FAC as the complete phone number is not listed and therefore denies them.
30. Defendant lacks sufficient information as to the truth or falsity of the allegations of ¶ 30 of the FAC. And, therefore, denies them.
31. Defendant denies the allegations of ¶ 31 of the FAC.
32. Defendant lacks sufficient information as to the truth or falsity of the allegations of ¶ 32 of the FAC. And, therefore, denies them.
33. Defendant lacks sufficient information as to the truth or falsity of the allegations of ¶ 33 of the FAC. And, therefore, denies them.
34. Defendant lacks sufficient information as to the truth or falsity of the allegations of ¶ 34 of the FAC. And, therefore, denies them.

35. Defendant lacks sufficient information as to the truth or falsity of the allegations of ¶ 35 of the FAC. And, therefore, denies them.
36. Defendant denies the allegations of ¶ 36 of the FAC.
37. Defendant denies the allegations of ¶ 37 of the FAC.
38. Defendant admits it did not send to Plaintiff a written DNC policy.
39. Defendant denies the allegations of ¶ 39 of the FAC.
40. Defendant denies the allegations of ¶ 40 of the FAC.
41. Defendant denies the allegations of ¶ 41 of the FAC.
42. The allegations of ¶ 42 of the FAC are pure legal conclusions and do not appear to call for any response by Defendant. The language of the TCPA statute speaks for itself and courts in this Circuit are not bound by decisions from the Third Circuit Court of Appeals.
43. The allegations of ¶ 43 of the FAC are pure legal conclusions and do not appear to call for any response by Defendant. The language of the TCPA statute speaks for itself and courts in this Circuit are not bound by decisions from the Third Circuit Court of Appeals.
44. Defendant denies the allegations of ¶ 44 of the FAC.
45. Defendant denies the allegations of ¶ 45 of the FAC.
46. The allegations of ¶ 46 of the FAC are pure legal conclusions and do not appear to call for any response by Defendant. The language of the TCPA statute speaks for itself and courts in this Circuit are not bound by decisions from the Third Circuit Court of Appeals.
47. Defendant denies the allegations of ¶ 47 of the FAC.
48. Defendant denies the allegations of ¶ 48 of the FAC.
49. Defendant admits that it intentionally called Plaintiff on October 11, 2022 to offer services and denies the remaining allegations of ¶ 49 of the FAC.
50. Defendant denies the allegations of ¶ 50 of the FAC.

51. The allegations of ¶ 51 of the FAC are pure legal conclusions and do not appear to call for any response by Defendant. The language of the TCPA statute speaks for itself.

52. The allegations of ¶ 52 of the FAC are pure legal conclusions and do not appear to call for any response by Defendant.

53. The allegations of ¶ 53 of the FAC are pure legal conclusions and do not appear to call for any response by Defendant.

54. Defendant denies the allegations of ¶ 54 of the FAC but admits that private causes of action are authorized by the TCPA as specified in such statute.

55. The allegations of ¶ 55 of the FAC are pure legal conclusions and do not appear to call for any response by Defendant. The language of the TCPA statute speaks for itself.   This Court is not bound by the cited decision.

56. The allegations of ¶ 56 of the FAC are pure legal conclusions and do not appear to call for any response by Defendant. The language of the TCPA statute speaks for itself.

57. Defendant denies the allegations of ¶ 57 of the FAC and the language of the TCPA statute speaks for itself.

58. The allegations of ¶ 58 of the FAC are pure legal conclusions and do not appear to call for any response by Defendant.

59. The allegations of ¶ 59 of the FAC are pure legal conclusions and do not appear to call for any response by Defendant.

60. The allegations of ¶ 60 of the FAC do not appear to call for any response by Defendant as they are a citation to a non-binding decision by the FCC.

61. The allegations of ¶ 61 of the FAC are pure legal conclusions and do not appear to call for any response by Defendant. The language of the federal regulation speaks for itself.

62. The allegations of ¶ 62 of the FAC are pure legal conclusions and do not appear to call for any response by Defendant. The language of the federal regulation speaks for itself.
63. The allegations of ¶ 63 of the FAC are pure legal conclusions and do not appear to call for any response by Defendant. The language of the federal regulation speaks for itself.
64. The allegations of ¶ 64 of the FAC are pure legal conclusions and do not appear to call for any response by Defendant. The language of the federal regulation speaks for itself.
65. Defendant denies the allegations of ¶ 65 of the FAC but admits that private causes of action are authorized by the TCPA as specified in such statute.
66. The allegations of ¶ 66 of the FAC are pure legal conclusions and do not appear to call for any response by Defendant. The language of the federal regulation speaks for itself.
67. In response to the allegations incorporated into ¶ 67 of the FAC, Defendant incorporates its prior and subsequent admissions, denials and responses.
68. Defendant denies the allegations of ¶ 68 of the FAC.
69. Defendant denies the allegations of ¶ 69 of the FAC.
70. Defendant denies the allegations of ¶ 70 of the FAC.
71. Defendant denies the allegations of ¶ 71 of the FAC.
72. Defendant denies the allegations of ¶ 72 of the FAC.
73. In response to the allegations incorporated into ¶ 73 of the FAC, Defendant incorporates its prior and subsequent admissions, denials and responses.
74. Defendant denies the allegations of ¶ 74 of the FAC.
75. Defendant denies the allegations of ¶ 75 of the FAC.
76. Defendant denies the allegations of ¶ 76 of the FAC.
77. Defendant denies the allegations of ¶ 77 of the FAC.

78. Except to the extent expressly admitted herein, Defendant denies each and every allegation of the FACT, including in ¶ 1-77 whether viewed singularly or in combination and whether express or implied.
79. Defendant affirmatively denies it used an ATDS to call Plaintiff.
80. Defendant affirmatively denies any alleged violation of the TCPA, or its regulations, was willful or knowing.
81. Defendant affirmatively alleges it is not liable under the affirmative defenses set forth in the TCPA and its regulations, including that defendant has established and implemented, with due care, reasonable practices and procedures to effectively prevent telephone solicitations in violation of the regulations prescribed under this subsection.
82. Defendant affirmatively alleges that the FAC and each count fails to state a valid cause of action.

Wherefore, Defendant having answered the allegations of the FAC, Defendant prays that the FAC be dismissed with prejudice, that Plaintiff take nothing, the Defendant be awarded its taxable costs, and for such other and further relief as this Court deems just and proper.

DATED: January 10, 2024.

UDALL SHUMWAY PLC

　　　/s/ David R. Schwartz　　　
David R. Schwartz
1138 North Alma School Road, Suite 101
Mesa, AZ  85201
Attorneys for Defendant Air Conditioning by Jay

11649708.1
119965.002