**UDALL | SHUMWAY**
COUNSELORS AT LAW SINCE 1965

1138 NORTH ALMA SCHOOL ROAD, SUITE 101
MESA, ARIZONA 85201
Telephone: 480.461.5300 | Fax: 480.833.9392

David R. Schwartz - #009264
das@udallshumway.com
Attorneys for Defendant Air Conditioning by Jay

# UNITED STATES DISTRICT COURT
# DISTRICT OF ARIZONA

| | |
|---|---|
| Jason Crews,<br><br>                    Plaintiffs,<br><br>v.<br><br>Air Conditioning by Jay, LLC and Bryce Johnson,<br><br>                    DefendantS. | NO. CV23-02269-PHX-GMS<br><br>**DEFENDANT AIR CONDITIONING BY JAY, LLC'S RESPOSNE TO PLAINTIFF'S MOTIONS FOR DEFAULT JUDGMENT (DOC 22)** |

Defendant Air Conditioning by Jay, LLC hereby responds to Plaintiff's Motion for Default Judgment and requests that the motion should be denied.

First, the entry of default should be vacated for the reasons set forth in Defendant's Motion to vacate Default and to Allow the Filing of An Amended Answer (DOC 23 and 23-1) which is incorporated herein by reference. If the default is vacated no default judgment can be entered. That motion demonstrates that Defendant was not culpable by engaging in willful or bad faith disregard of this lawsuit, that there are meritorious defenses, and no prejudice will result. (DOC 23)

Second, Defendant has a meritorious defense and no valid claim was stated. Plaintiff claims entitlement to judgment for two calls alleged to be in violation of the Telephone Consumer Protection Act ("TCPA") , 47 U.S.C. § 227, regarding the use of Automatic Telephone Dialing System ("ATDS") (DOC 1 and 9, ¶ 13, 31, 40-48, 51, 68).

The First Amended Complaint ("FAC"), pleads no facts to support such a claim but instead pleads that he was called by individuals for Defendant and merely makes an unsupported conclusion that his number was dialed by an ATDS.[1] (DOC 9, FAC ¶ 13-24)  Plaintiff does not dispute he was a previous customer of Defendant as alleged in ¶ 21 of the FAC.  Defendant's prior answer (DOC 16) reflects no ATDS was used, and Plaintiff was a prior customer. (DOC 16)  This has now been attested to under oath by Defendant's General Manager. (DOC 23-1, ¶ 7, 9)

There is also no liability under 47 U.S.C. § 227(c)(5) for the first October 11, 2022 call even if Plaintiff was on the Do-Not-Call register. That is because a claim under this provision only arises when a person has received more than one telephone call within any 12-month period. *Id*. Also, the statute provides for an affirmative defense where a defendant established and implemented with due care reasonable practices and procedures to effectively prevent telephone solicitations in violation of regulations adopted pursuant to the statute. *Id*. Defendant had a prior business relationship with Plaintiff and had in place protocols and practices to prevent calling persons who requested not to be called. (DOC 9, FAC ¶ 22-23) (DOC 23-1, ¶ 12)

Third, even if a violation of the was properly alleged and proven, Plaintiff is seeking discretionary awards which requires a hearing. Davis v. Fendler, 650 F.2d 1154, 1161 (9th Cir. 1981) ("[A] default judgment for money may not be entered without a hearing unless the amount claimed is a liquidated sum or capable of mathematical calculation.").[2]  .A defaul119t judgment by motion can be granted only where the

---

[1] The FAC references generically some things which might support a reasonable inference of the use of an ATDS (DOC 9, FAC ¶ 44-46) but does not allege those were present when he was called by a live person. (DOC 9, FAC ¶ 13-24)  The FAC even acknowledges that calling prior customers is inconsistent with use of an ATDS. (DOC 9, FAC ¶ 47)

[2] District courts within the Ninth Circuit have held that written affidavits or declarations are acceptable in lieu of a hearing. *Miller v. Four Peaks Logistics, LLC*, 2024 WL 126134, *2 (D. Ariz. 1/11/2024). Plaintiff submitted no declarations here. (DOC 22 and 22-1)

2

damages are liquidated and not the subject of discretion. Violations of the ATDS provisions of the TCPA give rise to actual damages or $500 statutory damages. 47 U.S.C. § 227(b)(3)(B). Only if "the court finds that the defendant willfully or knowingly violated this subsection or the regulations prescribed under this subsection, the court may, in its discretion, increase the amount of the award to an amount equal to not more than 3 times the amount available under subparagraph (B) of this paragraph." *Id*. at (b)(3). The d-not-call provision authorizes "an action to recover for actual monetary loss from such a violation, or to receive **up to $500** in damages for each such violation, whichever is greater. Id. at (c)(5)(B). Thus, the amount of initial damages is discretionary. The court is then authorized to make a further discretionary award: "If the court finds that the defendant willfully or knowingly violated the regulations prescribed under this subsection, the court may, in its discretion, increase the amount of the award to an amount equal to not more than 3 times the amount available under subparagraph (B) of this paragraph (B) of this paragraph." *Id*. at (c)(5).

Fourth, this Court should favor a decision on the merits and enter a default judgment only as a drastic step. *U.S. v. Signed Personal Check No. 730 of Yubran S. Mesle*, 615 F.3d 1085, 1091 (9th Cir. 2010). Plaintiff has filed 16 different lawsuits for alleged violations of the TPCA. (Ex. A, search history)[3] Defendant submitted a letter answer disputing liability unaware it needed to be submitted by an attorney. (DOC 23-1, ¶ 3-8) Defendant acted promptly after it was notified in Plaintiff's motion to strike the letter answer (DOC 19) to obtain legal counsel and has submitted an amended answer.(DOC 23-2). (DOC 23-1, ¶ 3-8) Plaintiff has not been prejudiced by the roughly two weeks between when an answer was due on December 26 and the January 10

---

Lindsey Miller, Plaintiff, v. Four Peaks Logistics LLC, et al., Defendants. Additional Party Names: Anwar Ahmed, CV-23-01976-PHX-DWL, 2024 WL 126134, at *2 (D. Ariz. Jan. 11, 2024)

[3] This Court can and should take judicial notice of its own records and the Complaints filed by Plaintiff in those lawsuits. *GemCap Lending, LLC v. Quarles & Brady, LLP*, 269 F. Supp. 3d 1007 (C.D. Cal. 2017); Fed. R. Evid. 201.

submission of the proposed amended answer.  Plaintiff's only so called prejudice is he will be denied the ability to obtain a decision on the merits (DOC 22-1, p. 5)[4], and he can in fact get one now that Defendant has appeared through counsel.

For the foregoing reasons, the Plaintiff's Motion for Entry of a Default Judgment should be denied.

DATED: January 16, 2024.

UDALL SHUMWAY PLC

/s/ David R. Schwartz
David R. Schwartz
1138 North Alma School Road, Suite 101
Mesa, AZ  85201
Attorneys for Defendant Air Conditioning by Jay

**CERTIFICATE OF SERVICE**

I hereby certify that on January 16, 2024, I electronically filed the attached document using the CM/ECF for filing and transmitted the document through CM/ECF to all other parties.

    /s/ Kimberly Kershner

11651563.1
119965.002

---

[4] Plaintiff previously filed a substantially similar motion for default judgment in one of his other cases (Ex. B. Plaintiff's Motion for Default Judgment in Crews v DeSantis, 2:23-cv-00969-MTL, DOC 15)

4