# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Jason Crews, | No. CV-23-02269-PHX-GMS |
| Plaintiff, | **ORDER** |
| v. | |
| Air Conditioning by Jay LLC, et al., | |
| Defendants. | |

Before the Court are Plaintiff's Motion to Strike Notice (Doc. 19); Motion for Default Judgment (Doc. 22), Defendant's Response thereto; and, Defendant's Motion to Vacate Default and to Allow Filing of an Amended Answer (Doc. 23).

Plaintiff filed his Complaint on November 1, 2023 (Doc. 1) naming Air Conditioning by Jay, Inc., and Bryce Johnson as Defendants. On November 3, 2023, Plaintiff filed an Amended Complaint, as a matter of course, naming Air Conditioning by Jay, LLC, and Bryce Johnson as Defendants (Doc. 9). On December 4, 2023, Defendant, through its General Manager Norman Sanders, filed a letter to the Court which was filed by the Clerk's Office as a "Notice" (Doc. 16). On December 5, 2023, Plaintiff filed proof of service on Air Conditioning by Jay, LLC, on December 5, 2023 (Doc. 17).

On December 18, 2023, Plaintiff voluntarily dismissed Defendant Bryce Johnson (Doc. 18).

On December 23, 2023, Plaintiff filed a Motion to Strike Defendant's Notice (Doc. 19) for the reason a corporation must be represented by counsel and because Mr. Sanders, General Manager for Defendant who authored the Notice, is not an attorney. Rather than

wait for a ruling on Plaintiff's Motion to Strike, Plaintiff then filed an Application for Entry of Default (Doc. 20) against Air Conditioning by Jay, Inc. This entity had been terminated by Plaintiff's filing of his Amended Complaint naming Air Conditioning by Jay, LLC, as the defendant. The Clerk's Office then entered a default not against Air Conditioning by Jay, Inc., as requested by Plaintiff, but against Air Conditioning by Jay, LLC (Doc. 21). The same date default was entered, Plaintiff filed a Motion for Default Judgment (Doc. 22) against Defendant Air Conditioning by Jay, LLC.

On January 10, 2024, Defendant Air Conditioning by Jay, LLC, through counsel, filed a Motion to Vacate Default and to Allow filing of an Amended Answer (Doc. 23).

The Federal Rules provide that a "court may set aside an entry of default for good cause...." Fed. R. Civ. P. 55(c). To determine "good cause", a court must "consider[ ] three factors: (1) whether [the party seeking to set aside the default] engaged in culpable conduct that led to the default; (2) whether [it] had [no] meritorious defense; or (3) whether reopening the default judgment would prejudice" the other party. *U.S. v. Signed Personal Check No. 730 of Yubran S. Mesle*, 615 F.3d 1085, 1091 (9th Cir. 2010). Judgment by default is a drastic step appropriate only in extreme circumstances; a case should, whenever possible, be decided on the merits. *Id*. While the same test applies for motions seeking relief from default judgment under both Rule 55(c) and Rule 60(b), the test is more liberally applied in the Rule 55(c) context. *Id*. at n. 1.

**Culpable Conduct**

A defendant's conduct is culpable if he has received actual or constructive notice of the filing of the action and intentionally failed to answer. *Id*. at 1092. Simple carelessness is not sufficient to constitute culpable conduct. *Id*. at 1092-93. A plaintiff must establish bad faith necessary to show an intentional failure to answer. *Id*.

Here, Defendant disputed liability as reflected in the Notice (Doc. 16) and intended to defend itself. Plaintiff moved for default prior to the Court's ruling on his Motion to Strike Notice. The Defendant was therefore not afforded notice and an opportunity for the entity to correct the error.

**Meritorious Defense**

A defendant seeking to vacate a default judgment must present specific facts that would constitute a defense, but the burden on a party seeking to vacate a default judgment is not extraordinarily heavy. *U.S. v. Signed Personal Check No. 730 of Yubran S. Mesle*, 615 F.3d 1085, 1094 (9th Cir. 2010). In this analysis, it is not the role of the Court to assess the veracity of the facts alleged. *Id*. Defendant has claimed meritorious defenses in its Motion to Vacate (Doc. 23, pp 3-4) that support vacating the default and allowing the filing of an Amended Answer.

**Prejudice**

In determining whether a party will be prejudiced, the Court looks to whether Plaintiff's ability to "pursue his claim will be hindered." *AJF Inspections Inc. v. IOC Franchising LLC*, 2023 WL 3568210, *4 (D. Ariz. 5/19/2023) (quoting *Falk v. Allen.*, 739 F.2d 461, 463 (9th Cir. 1984)). The setting aside of a judgment must result in greater harm than simply delaying resolution of the case. *U.S. v. Signed Personal Check No. 730 of Yubran S. Mesle*, 615 F.3d 1085, 1095 (9th Cir. 2010). Here the delay is minimal, and no prejudice has or will result if the default is vacated. This factor supports vacating the default and allowing the filing of the Amended Answer in place of the prior Notice (Doc. 16).

Although Plaintiff's response time has not yet passed, to avoid delaying these proceedings further and for good cause shown,

**IT IS ORDERED** granting Defendant's Motion to Vacate Default and to Allow the Filing of an Amended Answer (Doc. 23)

**IT IS FURTHER ORDERED** vacating the Clerk's entry of default against Defendant (Doc. 21).

**IT IS FURTHER ORDERED** Defendant shall file its Amended Answer as attached as to its Motion to Vacate (Doc. 23-2, pp. 1-7) within five days of the date of this Order.

**IT IS FURTHER ORDERED** denying Plaintiff's Motion to Strike Notice (Doc. 19) as the Notice will not be considered the responsive pleading to Plaintiff's Amended

1  Complaint in light of the filing of Defendant's Amended Answer.

2  **IT IS FURTHER ORDERED** denying Plaintiff's Motion for Default Judgment as
3  moot (Doc. 22).

4  Dated this 17th day of January, 2024.

*G. Murray Snow*
G. Murray Snow
Chief United States District Judge