Jason Crews
1515 N Gilbert Rd Suite 107-204
Gilbert, AZ 85233
Telephone: (602) 295-1875
e-Mail: jason.crews@gmail.com

*pro se*

# UNITED STATES DISTRICT COURT
# DISTRICT OF ARIZONA

| | |
|---|---|
| Jason Crews, | Case No. CV-23-02269-PHX-GMS |
| Plaintiff, | **RULE 26(f) CASE MANAGEMENT REPORT** |
| v. | |
| Air Conditioning By Jay, LLC, | Judge: Hon. G. Murray Snow |
| Defendant. | |

In accordance with the Court's January 19, 2024 order (Doc. 28), Plaintiff and defense counsel conferred by phone, on February 15, 2024, to discuss the matters set forth in Rule 26(f)(2). Accordingly, Plaintiff and defense counsel submit this Joint Case Management Report.

1. **RULE 26(f) MEETING**

The following persons attended the Rule 26(f) meeting and assisted in developing this report:

Plaintiff, Jason Crews, *Pro Se*

David R. Schwartz, Attorney for Defendant

2. **LIST OF PARTIES**

Plaintiff Jason Crews

Air Conditioning By Jay, LLC ("AC by J") – AC by J's is wholly owned by Any Hour, LLC (parent company)

**3. STATEMENT OF THE NATURE OF THE CASE**

Plaintiff brings this action to recover statutory damages for alleged willful violations of the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227 and C.F.R § 64.1200.

Plaintiff's claims relate to two telemarketing calls allegedly received by Plaintiff to his cell phone on October 11, 2022, and October 5, 2023. Plaintiff alleges each of the two calls by AC by J used an automatic telephone dialing system ("ATDS") and called him on his cell phone without his prior express consent in violation of § 227(b)(1)(A). Plaintiff alleges that without his express written consent each of the two calls by AC by J violated C.F.R § 64.1200 (as incorporated into § 227(c)) because his cell phone number was on the national Do-Not-Call registry.

AC by J contends there is no liability of AC by J as it does not ever use any ATDS. Its representatives would have called Plaintiff on the dates in question by dialing his number from the records of the company.

AC by J contends there is no liability of AC by J under 47 U.S.C. § 227(c)(5) for the first October 11, 2022 call even if Plaintiff was on the Do-Not-Call register because a claim under this provision only arises when a person has received more than one telephone call within any 12-month period.

AC by J contends there is no liability of AC by J for the first call (assuming it occurred and Plaintiff stated he wanted to be on an internal Do-Not-Call list) because Plaintiff provided express consent for calls from AC by J by providing his cell phone number regarding prior transactions where Plaintiff purchased goods and services from AC by J and such consent applied until it was revoked by Plaintiff. *Fober v. Mgt. and Tech. Consultants LLC*, 886 F.3d 789, 792-793 (9th Cir. 2018) (persons who release their phone numbers have given permission to be called about the same subject matter absent instructions to the contrary); *Van Patten v. Vertical Fitness Group LLC*, 847 F.3d 1037, 1044-1045 (9th Cir. 2017) (voluntary provision of telephone number operates as express consent under the TCPA for calls on the same subject matter); 47 U.S.C. § 227(a)(4)-(5),

2

(b)(1)(A), (b)(2)(A).  Plaintiff obtained an air conditioner and plumbing services from AC by J and the calls here were about seasonal maintenance.

AC by J contends there is no liability of AC by J for either call (assuming it occurred and Plaintiff stated he wanted to be on an internal Do-Not-Call list) because it had a written policy, provided training to its personnel, recorded calls, had its representatives identify themselves, and maintained records of customers requesting not to be called in compliance with 47 U.S.C. § 227(c)(5) and 47 C.F.R. § 64.1200(d)(5).  Substantial compliance with TCPA requirements is sufficient.  *Johansen .v. Efinancial LLC*, 2021 WL 7161969, * 11 (W.D. Wash.).  AC by J is also protected from liability by a safe harbor defense if it made a mistaken but reasonable belief that plaintiff consented and such consent was not revoked.  *Id*. at 9-10.

AC by J contends this Court cannot and should not increase the statutory $500 per violation fine as it did not willfully or knowingly violate the TCPA or its implementing regulations necessary to justify this Court exercising its discretion to increase the amount of the award up to three times.  47 U.S.C. § 227(b)(3)(C), (c)(5)(C).

4. **JURISDICTION**

The Court has subject matter jurisdiction over this action because the claim arises under the TCPA.  *Mims v. Arrow Financial Services, LLC,* 565 U.S. 368, 132 S.Ct. 740 (2012); 28 U.S.C. § 1331.

5. **PARTIES WHO HAVE NOT BEEN SERVED**

All Defendants were either served or have appeared and consented to the Court's jurisdiction.  Plaintiff voluntarily dismissed Defendant Bryce Johnson.  (DOC 18)

6. **ADDITIONAL PARTIES**

Plaintiff does not anticipate adding parties to the case at this time.  Plaintiff reserves the right to amended and/or supplement his complaint, with leave of the court, relief following further investigation and discovery.

Defendant AC by J intends to amend its First Amended Answer to more fully and accurately set forth its defenses and affirmative defenses.

**7. CONTEMPLATED MOTIONS**

Plaintiff is not presently contemplating a need for either dispositive motions or evidentiary motions but reserves the right to pursue appropriate relief following further investigation and discovery.

Defendant AC by J intends to file a dispositive or partially dispositive motion after the parties have had a reasonable opportunity to conduct discovery.

**8. UNITED STATES MAGISTRATE JUDGE**

The Plaintiff has no objection to the assignment of the case to a magistrate judge.

Defendant AC by J does not believe referral for a settlement judge is necessary or appropriate.

**9. STATUS OF RELATED CASES**

Plaintiff is currently pursuing TCPA claims against other parties in the District of Arizona, but those cases involve different defendants, and are unrelated to this matter.

Defendant AC by J believes the other cases filed by Plaintiff may be relevant in terms of evidence.

**10. EXCHANGE OF INITIAL DISCLOSURES**

Plaintiff has served initial disclosures to defendants, Doc. 30.

Defendant AC by J served its initial disclosure statement on February 14, 2024.

**11. STATUSE OF SERVICE OF REQUESTS UNDER RULE 26**

Plaintiff intends to serve requested under Rules 30, 31, 33, 34, and 35 prior to the Rule 16 conference.

Defendant AC by J will serve Rule 34 Requests for Production prior to the Rule 16 conference.

12. **ISSUES RELATING TO THE DISCLOSURE OR DISCOVERY OF ELECTRONICALLY STORED INFORMATION (ESI)**

Plaintiff intends to seek ESI in the form of records and documents which should be readily available to Defendant. Plaintiff will endeavor to limit request in scope to limit the costs associated with discovery of ESI.

Defendant will produce pdf copies of its exhibits except for its Policy Manual (which is in a Word form) and recordings of any relevant phone calls.

13. **ISSUES RELATING TO PRIVILEGE OR WORK PRODUCT**

The parties have not made any agreement regarding the post-production assertion of attorney-client privilege or work product protection.

The parties do not anticipate at this time any likely assertion of attorney-client privilege or work product privilege, but they reserve the right to assert such privileges as appropriate.

14. **POTENTIAL RULE 502(d) ORDERS**

Plaintiff has no objection to a Rule 502(d) order permitting the post-production assertion of attorney-client privilege or protection under the work product doctrine.

Defendant AC by J also has no objection but does not believe at this time such an order is necessary.

15. **NECESSARY DISCOVERY**

    A.  **Proposed Discovery By Plaintiff**

Plaintiff believes the following discovery is warranted in this action which he believes is reasonable and proportional to the nature and number of violations alleged:

1. Discovery pertaining to nature, processes, and procedures used to place phone calls to Plaintiff. This includes, but is not limited to, any automated dialing systems which may have been used, any other systems which were used independently or in conjunction with one another which could fall under the definition 47 U.S.C. § 227(a)(1), and which would be prohibited under 47 U.S.C. § 227(b)(1)(A);

2. Discovery pertaining to the existence of written policy, available upon

demand, for maintaining a do-not-call list which is required under C.F.R § 64.1200(c)(1);

5. Discovery pertaining to the training of personnel, and any entity assisting in compliance, in procedures established pursuant to the national-do-not-call rules as required under C.F.R § 64.1200(c)(2);

6. Discovery pertaining to defendants recording and disclosure of do-not-call requests and as required under C.F.R § 64.1200(c)(3);

7. Discovery pertaining to any training and/or policies regarding the identification of callers and telemarketers as required under C.F.R § 64.1200(c)(4);

8. Discovery pertaining to the existence and maintenance of do-not-call lists as required under C.F.R § 64.1200(c)(5);

9. Discovery pertaining to the willfulness of Defendants alleged calls; Plaintiff intends to request written discovery, depositions, admission, and interrogatories as permitted under Rules 26(b)(1), 32(a)(1), 33(a)(1), 34 and 36.

10. Plaintiff expects to depose Casey Jo, the yet to be identified employee of Defendant who called Plaintiff on October 5, 2023, and a subject matter expert put forth by Defendant's familiar with their operations.

**B.    Defendants' Position Regarding Discovery**

This is a small claim (Plaintiff seeks at most $6,000 even with enhancement plus taxable costs – See DOC 22-1 and 22-2 relating to default judgment sought) and discovery must be proportional.  Defendant AC by J made a settlement offer and Plaintiff's response was to demand $10,000 based upon the attorney's fees which Plaintiff could force AC by J to incurred.  (DOC 29-1)

Defendant AC by J expects to depose Plaintiff and obtain documents by a Rule 34 Request.

Defendant AC by J does not anticipate it will employ any experts .

The discovery schedule set forth below is to account for counsel's schedule.

### 16. PROPOSED DEADLINES

The parties propose that the Court adopt the following deadlines:

| | |
|---|---|
| Completion of fact discovery: | July 26, 2024 |
| Disclosure of expert opinions by Plaintiff: | Not anticipated (otherwise 7/26/2024) |
| Disclosure of Defendant's expert opinions: | Not anticipated (otherwise 8/30/2024) |
| Disclosure of rebuttal expert opinions: | Not anticipated (otherwise 0/13/2024) |
| Completion of expert depositions: | Not anticipated (otherwise 10/11/2024) |
| Good faith settlement talks | July 26, 2024 |
| Filing of dispositive motions: | August 23, 2024 (10/11/2024 if experts) |
| Initial Rule 33 and 34 requests | May 17, 2024 |
| Initial Rule 30 and 31 requests | June 7, 2024 |
| Rule 35 request | Not anticipated |

### 17. JURY TRIAL

Plaintiff has requested a Jury trial.

Defendant AC by J believes the enhancement for a willful or knowing violation under the TCPA is for the Court to decide although it may use an advisory jury.

### 18. ESTIMATED LENGTH OF TIRAL

Plaintiff estimated the trial will take no longer than 8 hours.

Defendant AC by J estimates trial, if a jury is to be impaneled, would take 2 court days.

### 19. PROSPECTS FOR SETTLEMENT

<u>Plaintiff's statement</u>: The parties are presently at an impasse in settlement negotiations but Plaintiff believes the they would benefit from a court facilitated settlement conference.  Plaintiff has attempted to engage in good faith settlement talks with Defendant's counsel and as a result of those talks Plaintiff believes further talks will not be possible without the confidentiality protections afforded by the alternative dispute resolution process and the mediation of a magistrate.

<u>Defendant AC by J's statement</u>: Defendant AC by J has already made a good faith settlement effort (DOC 29-1) and does not wish to pursue alternative dispute resolution

through private mediation or referral to a Magistrate Judge given the small amount involved and the desire to limit attorney's fees.  Defendant AC by J believes Plaintiff's prior settlement demand reflects bad faith and anticipates the same would be true going forward.

**20. OTHER MATTERS**

Defendant AC by J requests that this Court hold pre-trial conferences (including the Case Management Conference) by telephone or virtual means to limit the time and expense for the parties and counsel.

DATED February 16, 2024.

> By  /s/ Jason Crews
> Jason Crews
> 1515 North Gilbert Road, Suite 107-204
> Gilbert, Arizona 85234
>
> *Plaintiff in pro per*
>
> By  /s/ David Schwartz. (with permission)
> David Schwartz
> 1138 North Alma School Rd,
> Suite 101
> Mesa, Arizona 85201
> *Attorneys for Defendant AC by J*

### CERTIFICATE OF SERVICE

I hereby certify that on February 16, 2024, I electronically filed the foregoing **RULE 26(f) CASE MANAGEMENT REPORT** with the Clerk of the Court using the CM/ECF system, which sent notification of such filing to the following CM/ECF registrants and mailed and emailed to anyone not registered:

By   /s/ Jason Crews

11672826.1
119965.001